UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KRISTEN B. SORRELL, ET AL.                CIVIL ACTION

VERSUS                                    NO: 11-3084

LAKEVIEW REGIONAL MEDICAL                 SECTION: R(5)
CENTER, ET AL.

**ORDER AND REASONS**

The United States of America moves for partial summary judgment on the amount of money to which it is entitled from the proceeds in the Court's registry.[1] Because the Government fails to establish the factual predicate for a primary plan, the Court DENIES the motion at this time.

**I.   BACKGROUND**

This concursus proceeding stems from a medical malpractice action filed by plaintiffs Kristen B. Sorrell, Michael Bienvenu, Staci Bienvenu Ellezy, Harvey Bienvenu, Jr., John D. Bienvenu, Paul A. Bienvenu, and Emily J. Bienvenu. Plaintiffs claim that their mother, Joann Sykes, received negligent treatment while a patient at the Lakeview Regional Medical Center ("LRMC"), and, as a result of that allegedly negligent treatment, died of cardiac arrest at Bogalusa Community Medical Center ("BCMC") on

---

[1]   R. Doc. 16.

February 21, 2000.[2] Plaintiffs and LRMC entered a settlement agreement in June 2010 that would dispose of the action upon the payment by LRMC to plaintiffs of $15,000.[3]

On November 17, 2011, LRMC filed a concursus proceeding in state court to adjudicate competing claims to the $15,000 settlement.[4] The petition named as defendants-in-concursus all plaintiffs, the United States Department of Health and Human Services Center for Medicare and Medicaid Services ("CMS"), and James W. Burdette, II, former counsel of record of plaintiffs Sorrell and Ellezy.[5] LRMC asserts that plaintiffs have also made claims against other medical providers, including BCMC, Hematology and Oncology, LLC, and the Louisiana Patient's Compensation Fund.[6] LRMC asserts that Sykes was a Medicare beneficiary who received benefits from Medicare from February 11, 2000 to February 21, 2000.[7] LRMC also contends that Burdette has asserted a lien in this case to recover his attorney's fees and costs accrued in connection with his former representation of

---

[2] R. Doc. 1-1 at ¶6.

[3] *Id.* at ¶2.

[4] R. Doc. 1-1.

[5] *Id.* at ¶1.

[6] *Id.* at ¶4.

[7] *Id.* at ¶8.

2

Sorrell and Ellezy.[8]

On December 16, 2011, CMS removed the concursus proceeding to this Court pursuant to 28 U.S.C. 1442(a).[9] CMS identified BCMC, Hematology and Oncology Services, LLC, Wayne Lemaire, and the Louisiana Patient's Compensation Fund as additional parties to the action.[10] On February 9, 2012, the Court ordered the funds deposited into the state court registry, $15,030.74, to be transferred to the registry of the United States District Court for the Eastern District of Louisiana.[11]

CMS now moves for summary judgment.[12] It contends that Sykes was a Medicare patient who received conditional benefits in the amount of $10,757.44 and that it is entitled to repayment of that amount from the proceeds paid into the registry.

**II. STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

---

[8] *Id.* at ¶11.

[9] R. Doc. 1.

[10] R. Doc. 9.

[11] R. Doc. 13.

[12] R. Doc. 16.

Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

The Medicare Secondary Payer ("MSP") statute authorizes conditional payments to a beneficiary if a primary plan "has not made or cannot reasonably be expected to make payment." 42 U.S.C. § 1395y(b)(2)(B). *See also Thompson v. Goetzmann*, 337 F.3d 489, 496 (5th Cir. 2003)("Stated differently, Medicare serves as a back-up insurance plan to cover that which is not

paid for by a primary insurance plan."). A primary plan "is defined as a group health insurance plan, or as any []other type of insurance *plan*, such as workman's compensation, liability insurance, or a self-insurance plan, that may reasonably be expected to pay for services promptly." *Thompson*, 337 F.3d at 496; 42 U.S.C. § 1395y(b)(2)(A). "If the Medicare program chooses to make conditional payments when a Medicare recipient has coverage under a primary plan, then the government may seek reimbursement for those payments." *Thompson*, 337 F.3d at 496-97. Moreover, under this provision, "the government has supreme subrogation over the proceeds payable to the beneficiary of the primary insurance." *Waters v. Farmers Tex. Cnty. Mut. Ins. Co.*, 9 F.3d 397, 401 (5th Cir. 1993).

Here, CMS submits a declaration by Sally J. Stalcup, a CMS Health Insurance Specialist who serves as a Medicare Secondary Payer Regional Coordinator.[13] Ms. Stalcup asserts that Sykes was a Medicare beneficiary during the relevant time frame and that Medicare issued conditional payments to Sykes totaling $10,757.44 for Part A medical services.[14] Ms. Stalcup also asserts that those payments were "the responsibility of liability insurance, including self-insurance, as a primary plan under the Medicare

---

[13] R. Doc. 16-2.

[14] *Id.* at ¶¶4-5.

Secondary Payer provisions."[15] CMS asserts that the LRMC settlement payment satisfies the requirement as a self-insured plan.[16] Plaintiffs oppose the motion as premature.[17]

Despite Ms. Stalcup's assertion, the Court finds that CMS fails to establish that Lakeview Regional Medical Center's $15,000 settlement satisfies the definition of a primary plan. *See Thompson*, 337 F.3d at 497 (the MSP statute "plainly does not apply automatically to alleged tortfeasors . . . who settle with plaintiffs"). As CMS has made no factual showing of the existence *ex ante* of a plan to pay claims at LRMC, *see Thompson*, 337 F.3d at 498, and CMS has the burden of proof on this motion, the Court finds that CMS failed to establish the factual existence of a primary plan, and the motion for summary judgment must be denied at this time.

## IV. CONCLUSION

For the foregoing reasons, the motion is DENIED.

New Orleans, Louisiana, this 21st day of May, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at ¶5.

[16] R. Doc. 16-1 at 6.

[17] R. Doc. 17.

7