UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KRISTEN B. SORRELL, ET AL.                CIVIL ACTION

VERSUS                                    NO: 11-3084

LAKEVIEW REGIONAL MEDICAL                 SECTION: R(5)
CENTER, ET AL.

### ORDER AND REASONS

Petitioner-in-concursus Lakeview Regional Medical Center ("LRMC") moves the Court to enter a default judgment against defendant-in-concursus James Burdette.[1] Because LRMC has presented evidence that Burdette has not answered or otherwise responded to the petition, the Court GRANTS LRMC's motion without an evidentiary hearing.

### I. BACKGROUND

This concursus proceeding stems from a medical malpractice action filed by plaintiffs Kristen B. Sorrell, Michael Bienvenu, Staci Bienvenu Ellezy, Harvey Bienvenu, Jr., John D. Bienvenu, Paul A. Bienvenu, and Emily J. Bienvenu. Plaintiffs claim that their mother, Joann Sykes, received negligent treatment while a patient at the Lakeview Regional Medical Center ("LRMC"), and, as a result of that allegedly negligent treatment, died of cardiac arrest at Bogalusa Community Medical Center ("BCMC") on

---

[1] R. Doc. 28.

February 21, 2000.² Plaintiffs and LRMC entered a settlement agreement in June 2010 that would dispose of the action upon the payment by LRMC to plaintiffs of $15,000.³

On November 17, 2011, LRMC filed a concursus proceeding in state court to adjudicate competing claims to the $15,000 settlement.⁴ The petition named as defendants-in-concursus all plaintiffs, the United States Department of Health and Human Services Center for Medicare and Medicaid Services ("CMS"), and James W. Burdette, II, former counsel of record of plaintiffs Sorrell and Ellezy.⁵ LRMC asserts that plaintiffs have also made claims against other medical providers, including BCMC, Hematology and Oncology, LLC, and the Louisiana Patient's Compensation Fund.⁶ LRMC asserts that Sykes was a Medicare beneficiary who received benefits from Medicare from February 11, 2000 to February 21, 2000.⁷ LRMC also contends that Burdette has asserted a lien in this case to recover his attorney's fees and costs accrued in connection with his former representation of

---

²     R. Doc. 1-1 at ¶6.

³     *Id.* at ¶2.

⁴     R. Doc. 1-1.

⁵     *Id.* at ¶1.

⁶     *Id.* at ¶4.

⁷     *Id.* at ¶8.

Sorrell and Ellezy.[8]

On December 16, 2011, CMS removed the concursus proceeding to this Court pursuant to 28 U.S.C. 1442(a).[9] CMS identified BCMC, Hematology and Oncology Services, LLC, Wayne Lemaire, and the Louisiana Patient's Compensation Fund as additional parties to the action.[10] On February 9, 2012, the Court ordered the funds deposited into the state court registry, $15,030.74, to be transferred to the registry of the United States District Court for the Eastern District of Louisiana.[11] On May 21, 2012, the Court denied a motion by CMS for repayment of $10,757.44 in conditional Medicare benefits because the Court found that CMS failed to establish the factual predicate for a primary plan.[12] The Court then granted CMS's unopposed motion to dismiss it as a party.[13]

Burdette failed to plead or respond to the concursus proceeding. On June 1, 2012, LRMC moved for entry of default[14]

---

[8] *Id.* at ¶11.

[9] R. Doc. 1.

[10] R. Doc. 9.

[11] R. Doc. 13.

[12] R. Doc. 20.

[13] R. Doc. 27.

[14] R. Doc. 21.

3

and default was entered on June 4, 2012.[15]  LRMC now moves for entry of default judgment against Burdette.

**II. STANDARD**

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period.  Fed. R. Civ. P. 559b).  A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two steps.  First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case."  *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986)(describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry").  Before the clerk may enter the defendant's default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Beyond that requirement, however, the entry of default is largely mechanical.

Once the default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted.  *See Nishimatsu*

---

[15]  R. Doc. 22.

*Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)(per curiam). The disposition of a motion for the entry of default ultimately rests within the sound jurisdiction of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

**III. DISCUSSION**

**A. Jurisdiction**

Before entering judgment, the district court must "look into its jurisdiction both over the subject matter and the parties." *Sys Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)(quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Judgment entered in the absence of jurisdiction is void, and the court must therefore

refrain from entering judgment if its jurisdiction is uncertain.

In this case, subject matter jurisdiction is founded upon federal agency removal. *See* 28 U.S.C. 1442(a). This statute permits, *inter alia*, a federal agency to remove an action to federal district court if a civil action is commenced against it. CMS, as part of the United States Department of Health and Human Services, is plainly an agency of the United States. Further, a concursus constitutes a civil action for purposes of this removal statute. *Citizens Nat'l Bank v. United States*, 455 Fed. Appx. 498 (5th Cir. 2011). That the United States was dismissed as a party does not divest the Court of subject matter jurisdiction. *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. 1982)("elimination of the federal officer from a removed case does not oust the district court of jurisdiction"). The Court therefore finds that it has jurisdiction to enter this default judgment.

**B.   Entry of Default Judgment**

The Court turns to whether a default judgment should be entered against Burdette. The record shows that counsel for LRMC sent Burdette a letter notifying him of the concursus on November 17, 2011, but he has failed to plead or otherwise assert a claim for the settlement.[16] Indeed, Burdette has made no appearance

---

[16]   R. Doc. 1-1 at 1.

whatsoever despite the entry of default against it. Although judgments by default are generally disfavored, *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that Burdette's failure to appear has made it impossible to achieve the "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989). The record does not reveal any excuse for Burdette's failure to appear. Accordingly, the Court will enter a default judgment against Burdette.

**IV. CONCLUSION**

For the foregoing reasons, the motion is GRANTED. Burdette is hereby proscribed from asserting any claims, partial or in whole, for the $15,000 deposited into the registry of this Court in this matter.

New Orleans, Louisiana, this 30th day of July, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE